# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STEVEN IVEY,

                          Plaintiff,

-vs-                                                    Case No.  6:05-cv-1604-Orl-22KRS

JOHN W. SNOW, Secretary, U.S.
Department of the Treasury,

                          Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On October 25, 2005, Steven Ivey, appearing *pro se*, filed a complaint against "John Snow,

Secretary, U.S. Department of the Treasury," doc. no. 1, along with a motion for leave to proceed

*in forma pauperis*, doc. no. 2.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to

consider whether Ivey's complaint is frivolous, malicious, fails to state a claim on which relief

may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See,*

*e.g., Hamaas v. Florida*, No. 305CV771J99HTS, 2005 WL 2063787, at *1 (M.D. Fla. Aug. 22,

2005) (noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons

proceeding *in forma pauperis*."); *see also* Middle District of Florida Local Rule 4.07(a).

## I.    STANDARD OF REVIEW.

The United States Court of Appeals for the Eleventh Circuit applies the same standard

applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a

claim on which relief may be granted under section 1915(e)(2)(B).  Under this standard, a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

## II.   ANALYSIS.

In his complaint, Ivey asserts claims against Snow in his official capacity as Secretary of the Treasury for alleged violations of several federal statutes.[1]  Specifically, Ivey references the following statutes in his complaint:  (1) 42 U.S.C. §1981; (2) 42 U.S.C. § 1983; (3) 42 U.S.C. § 1986; (4) 42 U.S.C. § 1988; (5) 42 U.S.C. § 2000e; (6) 18 U.S.C. § 241; (7) 18 U.S.C. § 242; (8) 18 U.S.C. § 1001; (9) 18 U.S.C. § 1505; and (10) 18 U.S.C. § 1513.  Doc. No. 1 at 4-8.  The allegations in the complaint appear to center around Ivey's termination from a position with the

---

[1] Ivey does not assert any claims against Snow in his individual capacity.

United States Department of Treasury.  In sum, Ivey alleges that he was subjected to numerous instances of harassment and retaliation as a result of certain whistleblowing activities.  Doc. No. 1; *see also Ivey v. Dep't of the Treasury*, 107 Fed.Appx. 918 (Fed. Cir. 2004); *Ivey v. Snow*, No. Civ.A. 04-0214(EGS), 2005 WL 2474480 (D.D.C. Aug. 30, 2005); *Ivey v. Snow*, No. Civ.A. 04-1377(EGS), 2005 WL 758259 (D.D.C. April 1, 2005).[2]  I will review each claim asserted in the complaint in turn.

     A.    *Section 1981.*

To state a claim under § 1981, a private plaintiff must allege, at a minimum*,* that he was discriminated against based on his race, color, or national origin.  *See St. Louis v. Sands*, No. 05-21320-CIV-MOORE, 2005 WL 3099773, at *5 (S.D. Fla. Nov. 8, 2005).  Ivey does not allege that he was discriminated against based on any of these factors.  Hence, I find that the complaint fails to state a claim on which relief may be granted under § 1981.

     B.    *Section 1983.*

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and citation omitted).  In addition, § 1983 only provides a remedy for deprivation of constitutional rights by a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory or the District of Columbia . . . .*" 42 U.S.C. § 1983 (emphasis added).  That is to say, §

---

[2] It appears that Ivey also has a related lawsuit pending in the United States District Court for the Northen District of Georgia.  *See* Doc. No. 1-3.

1983 provides no cause of action against federal agents or officials acting under *color of federal law*. *See, e.g., Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982) (citing *Seibert v. Baptist*, 594 F.2d 423, 429 (5th Cir. 1979)).

Ivey does not allege that Snow was acting "under color of state law" with respect to any of the allegations contained in the complaint.  Thus, I find that the complaint fails to state a claim on which relief may be granted under § 1983.[3]

C.      *Section 1986.*

Section 1986 provides a cause of action against anyone who neglects to prevent a known conspiracy to violate any of the activities or privileges mentioned in 42 U.S.C. § 1985.  In other words, "Section 1986 claims are . . . derivative of § 1985 violations." *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997).  Ivey does not allege that Snow violated or conspired to violate any of the provisions of § 1985.[4]  Accordingly, I find that the complaint fails to state a claim on which relief may be granted under § 1986.

D.      *Section 1988.*

Section 1988 does not create a separate independent cause of action.  Rather, the statute provides for an award of attorneys' fees to a prevailing party in a civil rights action.  *See Estes v. Tuscaloosa County, Ala.*, 696 F.2d 898, 901 (11th Cir. 1983) ("Section 1988 authorizes attorney's

---

[3] Ivey may seek to amend his complaint to assert claims against Snow for violations of constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] If Ivey chooses to amend his complaint to assert a claim under § 1986 for violations of § 1985, he must designate whether he is pursuing a claim under § 1985(1), § 1985(2) or § 1985(3).

fees as part of a remedy for violations of civil rights statutes; it does not create an independent right of action.").  Therefore, I find that the complaint fails to state a claim on which relief may be granted under § 1988.

   E. *Title VII of the Civil Rights Act of 1964*.

   To state a claim of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*., a plaintiff must generally allege, among other things, that he is a member of a protected class and that he was discriminated against on that basis.  *Nix v. WLCY Radio/Rahall Comm'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("Title VII addresses *discrimination*.") (emphasis in original; quotation marks and citation omitted); *St. Hilaire v. The Pep Boys – Manny, Moe & Jack*, 73 F. Supp. 2d 1350, 1364 (S.D. Fla. 1999) ("Title VII does not provide a cause of action for employees who are exposed to harassment that has no reference to race, sex or national origin.").  To state a claim of retaliation under Title VII, a plaintiff must allege that he engaged in statutorily protected activity by opposing a practice made unlawful by Title VII, that an adverse employment action occurred, and that the adverse action was causally related to the plaintiff's protected activities.  *See Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997).  Ivey does not allege that he was discriminated against based on his status as a member of a protected class.  Thus, I find that the complaint fails to state a claim on which relief may be granted under Title VII.

   F. *Criminal Statutes*.

   The various criminal statutes Ivey references in his complaint do not confer private rights of action.  *See Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb. 16, 2005) (18

U.S.C. §§ 241, 242); *Rosado v. Curtis*, 885 F. Supp. 1538, 1544 (M.D. Fla. 1995) (18 U.S.C. §

1001); *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 807 (N.D. Utah 1988) (18 U.S.C. §§

1505, 1513).  Hence, Ivey has no viable cause of action against Snow under any of these statutes.

Accordingly, I recommend that the Court dismiss the complaint, without prejudice, for

failure to state a claim pursuant to 28 U.S.C. § 1915(e), and deny the pending motion to proceed *in

forma pauperis* as moot.  I further recommend that the Court give Ivey leave to file an amended

complaint within (11) eleven days following the Court's order dismissing the complaint.

In amending his complaint, Ivey must name as defendants only those persons who are

responsible for the alleged constitutional or statutory violations.  Ivey must state what rights under

the Constitution, laws, or treaties of the United States have been violated.  Each different right

alleged to have been violated should be addressed in an individual count of the complaint.  It is

improper for Ivey to merely list constitutional rights or federal rights.  He must provide support in

his statement of facts for the claimed violations and clearly describe how each named defendant is

involved in each alleged constitutional or statutory violation.  Finally, Ivey must show specifically

how he has been damaged (how he was harmed or injured by the actions and/or omissions of the

defendant(s)).

**III.      RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that Ivey's Complaint (doc. no. 1) be

dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and that

the pending motion for leave to proceed *in forma pauperis* (doc. no. 2) be denied as moot.  I

further recommend that the Court permit Ivey to file an amended complaint within (11) eleven

days after its ruling on this Report and Recommendation, and that Ivey be permitted to renew his

motion to proceed without prepayment of fees if an amended complaint is filed.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 8, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy